UNITED STATES of America,

v.

Tyrone N. WALKER, Donnell Reed, Defendants.

Crim. A. No. 93–137.

United States District Court, District of Columbia.

Sept. 27, 1994.

Leigh A. Kenny, Federal Public Defender for District of Columbia; Karen M. Thomas, Timothy D. Naegele & Associates; Catherine M. Thomas; and Robert Martin Werdig, Jr., Werdig Associates, P.C., Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Defendants Tyrone Walker and Donnell Reed were arrested and charged with intent to distribute drugs and operating a crack house. Defendants have made motions to suppress evidence and statements, motions to sever, and a motion for disclosure of an informant.

### Facts

On about 5:15 p.m. on January 25, 1993, Detective Derek Bell of the Metropolitan Police Department ("MPD") and a number of other officers executed a search warrant at 1123 Terrace Street, N.W. Officer Bell acted because he had received information about drug sales in that building from a confidential informant who had made a controlled purchase there, supervised by Officer Bell. Officer Bell knocked on the front door, announced it was the police executing a search warrant and asked to have the door opened. While he waited, Detective Bell saw someone stick his head out of the third floor window and yell "police". After about twenty seconds, when no one had opened the door, the police forcibly entered the building.

Officers Kucik and Welch found defendants Reed and Walker in a bedroom on the

**2**

third floor along with a woman whom defendant Reed said was his girlfriend. Mr. Reed told Officer Kucik that the room was his bedroom and that the things in the room were his, not his girlfriend's. Defendant Walker later told Detective Bell that he lived in the house and pointed out his bedroom. At the time the defendants made these statements, the police had patted them down, and they were not free to leave. The police asked the people they found in the house to move into one room and then proceeded to search the building.

Defendants have moved to suppress the physical evidence found in the house on two grounds, 1) that the police violated the "knock and announce" requirements of 18 U.S.C. § 3109 and 2), that there was no probable cause to justify the execution of the warrant on January 25. In addition, the defendants have moved for suppression of their statements claiming that they made them while they were in custody, and the police had not yet read them their Miranda rights.

### Discussion and Analysis

■ The Court finds that the MPD's entry into 1123 First Terrace did not violate 18 U.S.C. § 3109. Officer Bell testified that he knocked twice and clearly announced that it was the police and that they were executing a search warrant. The Court found Officer Bell to be a credible witness and accepts his testimony. In addition, Officer Bell waited long enough before entering the building for him reasonably to determine that forcible entry was necessary. Since the police had clearly announced their presence and purpose, and waited a reasonable time before entering the building, the Court finds that the evidence should not be suppressed under 18 U.S.C. § 3109. *See United States v. Bonner*, 874 F.2d 822 (D.C.Cir.1989). It is clear that the police in deciding to enter the building had every reason to believe that the contraband that was the object of the search could have been destroyed if they had waited too long. The person on the upper floor, who the police observed and who had hollered "police" would not appear to an experienced police officer to have been on his way to open the door to allow the police to enter.

It was appropriate for a reasonable police officer to assume that he was signalling his fellow residents to take steps to avoid being arrested with contraband.

■ The Court also denies the motion to suppress because it finds there was sufficient probable cause to execute the warrant on January 25. Officer Bell acted on more than just the single controlled buy. He testified about the accuracy of his informant on 21 previous occasions, and had included that information in his affidavit. Officer Bell's delay of some nine days in executing the warrant to a time when, in his considered opinion, there would be the maximum amount of drugs in the building, was within tolerable limits. While the police must be held tightly to the probable cause requirements of both the Fourth Amendment and Fed.R.Crim.P. 41, in this case the Court finds that they have been met, although just barely.

■ The Court denies the defendants' motions to suppress their statements. The Court finds that defendants Reed and Walker were not being interrogated when they identified their bedrooms to the police. Defendant Reed voluntarily told Officer Kucik that the room he was found in was his as were the things in it to protect his girlfriend. Defendant Walker pointed out his bedroom in response to a routine question, not one designed to elicit an incriminating response.

■ Defendants Reed and Walker have also made motions to sever under Fed.R.Crim.P. 14. Both defendants have argued for severance on the grounds that their defenses will be irreconcilable and antagonistic. Defendant Walker has argued, in addition, that the prosecution will present disparate evidence, and that he might be prejudiced by evidence against others "rubbing off" on him.

Neither of defendants' arguments supports severance under Fed.R.Crim.P. 14. The Court does not find that the introduction of disparate evidence will improperly prejudice defendant Walker. Both defendants have been charged with the same offenses. The government has also indicated that it intends to offer the same evidence against both defendants. Trans., July 14, 1994, p. 7. This case is therefore very different from *United*

*States v. Sampol,* relied on by Defendant Walker. In that case, the defendant was charged with significantly less serious crimes than his co-defendants, and much of the evidence against the co-defendants did not apply to the defendant. *See United States v. Sampol,* 636 F.2d 621, 643 (D.C.Cir.1980).

Defendants' claims that their defenses will be mutually antagonistic do not require severance. They argue that there is danger that the jury might think that they are both guilty because the defenses are in conflict. Defendants' argument would seem to weigh against there ever being multiple defendant trials. *See* Trans., July 14, 1994, p. 10. Recently, the Supreme Court rejected a similar argument for the necessity of severance in *Zafiro v. United States,* — U.S. —, —, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). In general, joint trials are preferred for defendants indicted together because they are both more efficient and they help prevent inconsistent verdicts. *Id.* — U.S. at —, 113 S.Ct. at 937; *see also United States v. Gibbs,* 904 F.2d 52, 56 (D.C.Cir.1990).

Finally, defendant Walker's motion for disclosure of the identity of the informant providing information in this case is denied because he has not shown any compelling reason for such disclosure at this time. Clearly, however, the government must turn over any exculpatory information that it may have, whether provided by the informant or otherwise. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).